**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 12-5194 |
| | (D.C. No. 4:12-CR-00071-CVE-1) |
| DANIEL JEFFERSON, a/k/a D.J., | (N.D. Okla.) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH** Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Daniel Jefferson's plea agreement. The

defendant pleaded guilty to one count of conspiracy to commit fraud (Count One)

and one count of aggravated identity theft (Count Fifteen). Pursuant to the plea

agreement, Jefferson waived his right to appeal his conviction or sentence, provided

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the sentence did not exceed the statutory maximum authorized by law. The district court sentenced Jefferson to consecutive sentences of forty-six months' imprisonment as to Count One and twenty-four months as to Count Fifteen. Both sentences fall below the statutory maximums. Nevertheless, Jefferson filed a notice of appeal.

The government filed its motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Jefferson's counsel filed a response under *Anders v. California*, 386 U.S. 738 (1967), asking for permission to withdraw. Jefferson then filed a separate response, contending that his counsel provided ineffective assistance and that his waiver was not knowing and voluntary. Jefferson's unsworn response merely attempts to impeach the official record contained in the transcript of his plea hearing.

We have reviewed the motion and the record, and agree that Jefferson's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325 (describing the factors this court considers when determining whether to enforce a waiver of appellate rights).

Accordingly, we grant the motion to enforce the plea agreement and dismiss the appeal. We grant Jefferson's counsel's motion to withdraw.

Entered for the Court
Per Curiam